Bernard S. Meyer, J.
This proceeding seeks to reverse a determination of the Board of Elections holding valid a petition seeldng, pursuant to section 148 of the Election Law, a ‘ ‘ write-in ” vote in the 47th Election District, Fourth Assembly District, for the party position of county committeeman of the Republican County Committee.
On the arguments, two objections were withdrawn: (1) that the petition incorrectly referred to section 143 rather than section 148 of the Election Law, and (2) that the full names of some of the signers were not used. The objections numbered 7 and 8 in Exhibit B attached to the petition herein were not argued and are deemed to have been abandoned.
None of the other objections furnish ground for invalidation of the petition. That each of the sheets of the petition as *331 presented to the hoard was composed of two pieces of paper glued together does not invalidate the petition. Nothing in either section 148-a of the Election Law or the definition of the word “ sheet ” requires a holding to the contrary. Nor is the petition defective because the persons designated to receive service are set forth above rather than below the portion usually referred to as the preamble. Section 148-a requires only that the petition he “ in substantially the following form ”. It may be noted that persons designated to receive service perform a ministerial act; they do not exercise discretion as do persons designated as a committee on vacancies in a designating or independent nominating petition. It should be further noted that Matter of Horner v. Kopff (N. Y. L. J., July 27, 1938, p. 239, col. 4), cited for the position that it is mandatory that the preamble appear at the head of the petition, does not sustain that position. That case held merely that a preamble was required and did not deal with the position of the preamble on the petition.
The language of the “preamble” while it does not exactly follow that set out in section 148-a (in fact, it refers to “an undesignated candidate for nomination ” [emphasis supplied]) must he held to he in substantial compliance, since it is clear from the following words in the preamble that what is actually intended is designation of a candidate for election to a party position.
Finally, it is contended that the petition is insufficient since 34 of the persons signing it had previously signed a designating petition which was declared invalid. While it is true that subdivision 4 of section 136 of the Election Law provides that if an enrolled voter shall sign petitions hearing different dates, the petition prior in date shall be counted, this would apply to a “write-in” petition only with respect to another “write-in” petition, not with respect to an earlier designating petition. A contrary holding is not required by the language of section 148 of the Election Law and would prevent persons who signed a designating petition which is later held invalid from exercising the separate right given to them by section 148 of the Election Law to request a write-in. It is unnecessary now to determine whether the two rights are sufficiently separate to authorize the counting of the signature of the same person on a designating petition and a write-in petition both of which are valid. It is sufficient to note that the purpose of section 148 would be frustrated if, the prior designating petition being held invalid, the signer were deprived of the opportunity to request a1 ‘ write-in ’ The courts holds that the signing of an invalid prior designating *332 petition does not invalidate the signature of the same voter on a ‘‘ write-in ’’ petition. (See, in this connection, Matter of Evans v. Meisser, 31 Misc 2d 329.) While petitioner’s brief cites a number of cases which it is said hold to the contrary, none of those cases support the proposition for which cited, nor has the court’s independent research uncovered any cases so holding.